989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Curtis MARCUS, Jr., Defendant-Appellant.
 No. 92-5538.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 18, 1993
Decided: March 12, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Charles E. Simons, Jr., Senior District Judge. (CR-91-111)
 William T. Toal, JOHNSON, TOAL & BATTISTE, P.A., Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, William G. Yarborough, Assistant United States Attorney, Hugh Buyck, Third Year Law Student, Columbia, South Carolina, for Appellee.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Curtis Marcus, Jr., was convicted and sentenced for one count of conspiring to distribute or to possess with intent to distribute a cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1992), three counts of possessing with the intent to distribute a cocaine base in violation of 21 U.S.C.A.s 841(a), and two counts of possessing a firearm by a convicted felon in violation of 18 U.S.C.A. §§ 922(g), 924(a) (West Supp. 1992). Marcus now appeals, arguing that the district court incorrectly calculated his base offense level by considering five ounces of crack cocaine he had agreed to deliver to an undercover agent. We affirm the district court's decision.
 
 I.
 
 2
 After a two-day trial, the jury returned a guilty verdict on all six counts. At the sentencing hearing, Marcus objected to having five ounces of crack cocaine attributed to him. He argued that there was nothing in the record to impute the drugs to him. Holding that Marcus both intended to produce and was capable of producing the negotiated five ounces of crack cocaine,[1] the court found that, under section 2D1.1(a)(3),[2] the appropriate offense level was thirty-six. Pursuant to U.S.S.G. § 3B1.1(c), the court increased Marcus's base offense by two points for supervising three individuals during the course of the conspiracy. Based on a total offense level of thirty-eight and a criminal history of II, the court sentenced Marcus to 290 months[3] of incarceration and eight years of supervised release, and ordered him to pay a fine of fifty dollars.[4] Marcus now appeals.
 
 II.
 
 3
 The government need only prove the amount of the drugs at sentencing by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Even though the sale was incomplete, the key inquiry is the agreement. See U.S.S.G. § 2D1.4. While offhand statements amounting to bragging are insufficient to justify inclusion of amounts negotiated, see United States v. Ruiz, 932 F.2d 1174, 1184 (7th Cir. 1991), the district court is "required to exclude an unsuccessfully negotiated amount only where the defendant lacked both the intent and the ability to complete the drug transaction." United States v. Brooks, 957 F.2d 1138, 1151 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (1992). The court's findings on these factual issues is reviewed for clear error. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989).
 
 
 4
 We find sufficient evidence that Marcus intended to produce and was capable of producing, in furtherance of the conspiracy, the five ounces of crack cocaine. See U.S.S.G. § 2D1.4, comment. (n.1). Agent Lett testified for the government at sentencing that an undercover agent and Marcus had negotiated for the sale of the crack cocaine. Marcus met with the agent but failed to complete the transaction when the two men could not agree on a location to exchange the drugs and money. Marcus admitted that he could have produced the five ounces of crack when he testified that, although he did not have the drugs on his person at the time of his arrest, he knew where to get the drugs and could have arranged for the agent to receive the drugs. Moreover, we note that Marcus successfully obtained drugs in similar, previous transactions. Finally, the base offense level for a defendant convicted of conspiring to possess with the intent to distribute shall be the same as if the object of the offense was completed. See U.S.S.G. § 2D1.4.
 
 
 5
 For the foregoing reasons, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The total amount of crack cocaine attributed to Marcus was 140 grams
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual, § 2D1.1(a)(3) (Nov. 1991)
 
 
 [3]
 The corresponding guideline imprisonment range is 262 to 327 months. U.S.S.G. Ch. 5, Sentencing Table
 
 
 [4]
 The court sentenced Marcus to 120 months imprisonment on Counts Five and Six, running concurrently